UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4362

THOMAS DAVE BRATCHER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-96-878)

Submitted: January 30, 1998

Decided: February 23, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Bratcher appeals from a district court judgment order entered pursuant to his guilty plea to a charge of knowingly making a false statement to a federally insured financial institution in violation of 18 U.S.C.A. § 1014 (West 1994 & Supp. 1997). The district court sentenced Bratcher to 30 days in custody, with credit for time served, effectively releasing him from custody. The court also sentenced Bratcher to five years supervised release, a condition of which was that Bratcher be subject to home confinement and monitored electronically for 150 days.

On appeal, Bratcher's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the court conducted a proper plea hearing under Fed. R. Crim. P. 11, whether the court erred by imposing the maximum allowable term of supervised release, and whether the court erred by including home confinement as a special condition of his supervised release. Counsel concedes, however, that there are no meritorious grounds for appeal. Bratcher was informed of his right to file a pro se supplemental brief, but failed to file one.

We accord great deference to the district court's conduction of the Rule 11 hearing, and evaluate alleged Rule 11 violations under a harmless error standard. See United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights. Id. at 117. Our review of the record discloses that in this case the district court fully discussed the nature and elements of the charge against Bratcher, the applicable penalties he faced, including the effect of supervised release, and ensured that he consulted with and was satisfied with his counsel. The court also addressed the rights Bratcher forfeited by virtue of his plea, the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the plea. Finally, the court questioned Bratcher to ensure that his plea was voluntary. Accordingly, we find no violation of Rule 11, much less one that affected Bratcher's substantial rights.

2

Bratcher also challenges his subjection to home confinement and the term of his supervised release. We lack authority, however, to review a sentence that falls within a correctly calculated guideline and applicable statutory maximum. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). In this case, Bratcher's applicable guideline range was six months. The maximum statutory term of incarceration was 30 years. 18 U.S.C.A. § 1014 (West 1994 & Supp. 1997). Because he was sentenced to 30 days in custody and 150 days of home confinement, Bratcher's sentence did not exceed the maximums provided by the guidelines or the statute.

Similarly, Bratcher's term of supervised release falls within the range permitted by the guidelines and the applicable statute. Bratcher was convicted of a Class B felony. See 18 U.S.C.A. § 3559(a)(2) (West Supp. 1997). For a Class B felony, the district court was authorized to impose a term of supervised release of not more than five years by statute, see 18 U.S.C.A. § 3583(b)(1) (West Supp. 1997), and a term between three and five years under the applicable guideline. See USSG § 5D1.2(b)(1).* Accordingly, because Bratcher's term of supervised release fell within the ranges authorized by applicable law, we lack authority to review it.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the judgment order of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*United States Sentencing Guidelines Manual (1995).

3